UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY, | *<br>*<br>* |
| Plaintiff, | *<br>* |
| v. | *    CIVIL ACTION NO. _____ <br>* |
| LILANA SANCHEZ d/b/a<br>LS PLUMBING and PRECISION<br>PLUMBING COMPANY, INC. | *<br>*<br>*<br>* |
| Defendants. | * |

## COMPLAINT FOR DECLARATORY JUDGMENT AND/OR RESCISSION OF INSURANCE CONTRACT

**COMES NOW** Western World Insurance Company ("Western World"), by its attorneys, and files this Complaint for Declaratory Judgment, pursuant to 28 USC §2201, et seq. and Federal Rule of Civil Procedure 57 against the defendants, Lilana Sanchez d/b/a LS Plumbing ("LS Plumbing") and Precision Plumbing Company, Inc. ("Precision"), and/or Complaint for Rescission of Insurance Contract against the Defendant, LS Plumbing pursuant to 28 USC §1332 and avers as follows:

### I.    PARTIES' JURISDICTION AND VENUE

1. Western World is a private insurance company domiciled in the state of New Hampshire, with its principal place of business located at 400 Parson's Pond Drive, Franklin Lakes, New Jersey 07417-2600. Western World is thus a citizen and resident of the state of New Hampshire for the purposes of 28 U.S.C. §1332.

2. The defendant, LS Plumbing, is a for-profit Tennessee company and is the named insured in a commercial lines policy (hereinafter "the policy") issued by Western World, and upon information and belief is located at 8901 Florence Road #2002, Smyrna, Tennessee 37167. LS Plumbing is therefore a citizen and resident of the state of Tennessee for purposes of 28 U.S.C. §1332. Service of process may be made upon Lilana Sanchez at 8901 Florence Road #2002, Smyrna, Tennessee 37167.

3. The defendant, Precision Plumbing, is a for-profit Tennessee corporation and is a named additional insured in the policy issued by Western World. Upon information and belief, Precision Plumbing is located at 7101 Old Hickory Boulevard, Whites Creek, Tennessee 37189. Precision Plumbing is therefore a citizen and resident of the state of Tennessee for purposes of 28 USC § 1332. The registered agent for Precision Plumbing is Carl D. Krantz, 7101 Old Hickory Boulevard, Whites Creek, Tennessee 37189-9312.

4. The defendants were contracted to perform plumbing operations for a 20-unit commercial apartment project in Nashville, Tennessee for 216 Louise, LLC. A fire ignited on the premises on or about January 30, 2014, resulting in property damage well in excess of $75,000.00. A demand has been made on behalf of 216 Louise, LLC against the defendants for property damage arising from the fire loss, as well as other incidental damages such as lost income and/or opportunity. No suit arising from the fire loss has been filed to date.

5. With this Declaratory Judgment action being between citizens of different states and the amount in controversy being in excess of $75,000.00, it is within the

jurisdiction of this Court, pursuant to the provisions of 28 USC §1332 to hear this matter as there exists complete diversity between the parties.

6. Therefore, all parties to this cause are subject to the jurisdiction of this Court; and venue is therefore proper in this Court.

## II. THE INSURANCE POLICY

7. On or about October 28, 2013, Western World issued a Commercial Lines Policy to LS Plumbing with a Policy No. of NPP1366487. A certified copy of this policy is attached as Exhibit 1.

8. The policy includes an ADDITIONAL INSURED ENDORSEMENT, (WW180), which identifies Precision Plumbing as an additional insured under the commercial general liability coverage part of the policy.

## III. THE DISPUTE

9. LS Plumbing timely submitted to Western World the demand of 216 Louise, LLC for the fire loss of January 30, 2014.

10. In a letter dated March 14, 2014, Western World advised LS Plumbing that it had retained counsel on its behalf for purposes of the investigation into the underlying fire. The letter further provided that Western World reserved its rights to disclaim any indemnification for the loss given issues related to the policy language as well as in responses in the application made for the policy. Moreover, Western World did not waive its right to decline coverage by virtue of appointment of defense counsel based upon the facts known at the time of the claim. See reservation of rights letter, attached as Exhibit 2.

3

11. On July 10, 2014, the insurance carrier for Precision Plumbing, State Auto Insurance Companies, tendered the defense of Precision Plumbing to Western World by virtue of the additional insured status under the policy. A copy of the tender letter is attached hereto as Exhibit 3.

## IV. DECLARATORY RELIEF SOUGHT

12. Defendants seek coverage under the commercial general liability coverage part of the policy for the fire loss claim of 216 Louise, LLC.

13. Western World disputes the defendants' entitlement to coverage for the underlying claim.

14. Western World contends that there is no coverage for any acts and/or omissions on behalf of LS Plumbing and/or Precision Plumbing arising from the fire loss based upon limitations of coverage in the policy and/or a dispute over whether the actual laborers engaged at the jobsite were employees of LS Plumbing.

15. The policy contains the following coverages:

SECTION I - COVERAGES:

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

    * * *

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage"

> occurs during the policy period; ….

16. The policy contained the following definitions under Section V:

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
> 17. "Property damage" means:
>     a. Physical injury to tangible property, including all resulting loss of use of that property….

17. The policy also includes a Classification Limitation Endorsement (WW13) which restricts coverage specifically to the operations of the insured for which the policy was originally procured. The Endorsement provides:

> This insurance applies only to a classification that is shown on the policy. If any classification is not shown, it is not insured hereunder.

18. The Commercial Liability Coverage Part Declarations page provides a classification of "Plumbing – residential or domestic". This reflects the application, signed by the insured, which described work performed as "plumbing residential."

19. Western World classifies "plumbing – residential or domestic," to include insureds whose principal operations are in connection with one to four family dwellings.

20. Western World utilizes a separate classification for "plumbing – commercial and industrial."

21. The policy also includes an ADDITIONAL INSURED ENDORSEMENT (WW180). This endorsement to the policy modifies the Commercial General Liability Coverage Part. Specifically, the endorsement states:

> The insurance afforded by this policy for "bodily injury," "property damage" and/or "personal and advertising injury" shall also apply to the "additional insured" listed below for claims, suits, and/or damages made against the "additional insured," but only to the

5

Case 3:14-cv-01846   Document 1   Filed 09/12/14   Page 5 of 10 PageID #: 5

extent the "additional insured" is being held responsible for the acts, omissions and/or negligence of the "named insured."

This insurance afforded shall not apply to claims, suits and/or damages arising out of the acts, omissions and/or negligence of the "additional insured(s)."

The inclusion of the "additional insured(s)" shall not operate to increase the Limits of Insurance.

To the extent, if any, that this policy affords coverage to an "additional insured," the "additional insured" is subject to all of the terms of the policy.

* * *

22. Section II of the policy provides who is an insured. The policy provides specifically:

> 2. Each of the following is also an insured:
>
>    a. Your "volunteer workers" only while performing duties related to the conduct of your business or your "employees", other than your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability,) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

23. In her application for insurance, Lilana Sanchez stated that she had only one employee. See application attached hereto as Exhibit 4.

24. Upon information and belief, the actual plumbing work done at the jobsite was completed by Jose Guadalupe Perez, Jose Guadalupe Pacheco, Jose Ricardo Campos, Arturo Sanchez, and/or Delfino Sanchez.

25. Upon information and belief, Delfino Sanchez has previously worked for Precision Plumbing and requested Lilana Sanchez agree to provide subcontract plumbing work for Precision Plumbing despite her lack of knowledge for plumbing.

6

26. Upon further information and belief, Lilana Sanchez d/b/a LS Plumbing did not provide any of the laborers with tools, equipment or supplies, nor did she oversee or supervise their work at the jobsite. Rather, Precision Plumbing directed the activities of the laborers at all times during work on the project.

27. Upon further information and belief, Lilana Sanchez d/b/a LS Plumbing acted merely as a conduit through which Precision Plumbing compensated the laborers on the project, insomuch that she paid all proceeds directly to the laborers and retained no money or profit for herself.

28. An actual present and justiciable controversy exists among the parties regarding the rights and obligations under the policy of insurance, to include whether the 216 Louise, LLC project falls within the classification limitation, as well as whether the laborers involved in the work are employees of LS Plumbing.

29. Western World reserves the right to rely upon other policy provisions, endorsements, modifications, and/or definitions in the policy which may similarly impact the availability of coverage.

30. Western World seeks a declaration that the policy does not provide coverage for the fire loss claimed given the size of the project, which falls outside of the residential-domestic classification limitation in the policy.

31. Alternatively, Western World seeks a declaration that the laborers involved in the project are not employees of LS Plumbing so as to be included as an insured under the policy.

## V. COMPLAINT FOR RESCISSION OF INSURANCE POLICY AS TO DEFENDANT LILANA SANCHEZ D/B/A LS PLUMBING

32. Western World hereby incorporates by reference the allegations contained in paragraphs 1-31.

33. On October 28, 2013, Lilana Sanchez, on behalf of LS Plumbing, completed an application for a commercial lines policy through the Kirk R. Lehmer Agency. A copy of the application is attached hereto as Exhibit 4.

34. In making application for insurance, Lilana Sanchez made certain representations which are contained in the TAPCO "E-Z" Rate Contractor's Program Application. As indicated in the application, Ms. Sanchez classified her work as "plumbing residential." She indicated that she had only one employee with a total payroll of $14,500.00.

35. Additionally, in her application for insurance, Ms. Sanchez stated in response to question 3 that she was a 100% artisan contractor, and did 0% work as a subcontractor. Moreover, when indicating the type of work performed, she stated in response to question 3 that 100% of the work was "Residential/New." Notably, the application provided that she does 0% work in Residential/Remodeling, Commercial or Condos.

36. In question 4 of the application, Ms. Sanchez described her work as "plumbing residential." Moreover, in question 5, she described her largest jobs as "individual residential homes."

37. Finally, in response to question number 14, Ms. Sanchez stated that 0% of her work is subcontracted.

8

38. Based upon the representations made in the application for insurance, Western World issued the policy for commercial lines coverage, to include commercial general liability coverage.

39. Pursuant to Tenn. Code Ann. § 56-7-103, an insurance company may render an insurance contract void where a misrepresentation in the application for the policy was made with actual intent to deceive or increased the risk of loss.

40. The misrepresentation by Ms. Sanchez regarding the scope of work performed was done with intent to deceive Western World into providing her with a commercial lines policy.

41. The misrepresentation of Lilana Sanchez that she did not perform commercial or remodeling work, as well as the number of employees, materially increased the risk to Western World with regard to the commercial lines policy that she was seeking to procure.

42. Western World charges an increased premium for insureds that perform commercial work in addition to residential work. Also, Western World bases its premium on the payroll size of a prospective insured.

43. Because of the misrepresentations on the part of Ms. Sanchez, Western World is entitled to rescission of the insurance policy based upon her intent to deceive and/or the increase in risk.

**WHEREFORE**, premises considered, Western World respectfully prays for the following relief:

a. A declaration of the rights and obligations of the parties under the policy of insurance issued by Western World with regard to the underlying claim for the fire loss with 216 Louise, LLC;

b. That the Court declare that no coverage is afforded to defendants under the policy for the loss;

c. That the Court find that misrepresentations by Ms. Sanchez in the application were either done with intent to deceive or materially increased the risk to the insurer thereby warranting rescission;

d. That Western World be awarded discretionary costs;

e. Any and all other and further relief as the Court deems just and equitable.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

By: _____
GARY S. NAPOLITAN, (TN BPR#: 001691)
BRUCE D. GILL, (TN BPR#: 021487)
Tallan Building
200 W. Martin Luther King Blvd., Fifth Floor
Chattanooga, TN 37402
(423) 265-0214 / (423) 267-6625 [fax]
Attorneys for Plaintiff

10