IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY | ) ) ) |
| v. | ) NO. 3-14-1846 ) JUDGE CAMPBELL |
| LILANA SANCHEZ d/b/a LS PLUMBING, et al. | ) ) |

MEMORANDUM

Pending before the Court is a Motion for Summary Judgment (Docket No. 52) filed by Defendants Precision Plumbing, Inc. and State Auto Property and Casualty Insurance Company. For the reasons stated herein, Defendants' Motion for Summary Judgment is DENIED.

INTRODUCTION

This action is an insurance dispute resulting from a fire in an apartment building ("the Building") at 216 Louise Avenue in Nashville, Tennessee. Defendants State & Louise, LLC and 216 Louise, LLC ("the Owners")[1] were the owners of that building. The Owners were insured by Defendant Travelers Casualty Insurance Company of America ("Travelers") with regard to the Building. The Owners contracted with Defendant Tristar Construction, Inc. ("Tristar") to perform work on the Building following water damage thereto.

Tristar then subcontracted with Defendant Precision Plumbing Company, Inc. ("Precision") to do the plumbing work at the Building. Precision subcontracted the plumbing work to Defendant Lilana Sanchez d/b/a LS Plumbing ("Sanchez"). Defendant Sanchez was insured by Plaintiff

---

[1] The Owners have been dismissed from this action, having assigned all their interest to their insurer, Defendant Travelers.

Western World Insurance Company ("Western World"), and Precision was an "additional insured" under the policy issued by Western World to Sanchez.

Plaintiff asserts that Sanchez hired laborers ("the Workers") to do the actual plumbing work in the Building. On or about January 30, 2014, the Building was almost completely destroyed by a fire which originated inside the Building. The parties do not appear to contest that the fire was caused by the negligence of the Workers.[2]

This action, filed on September 12, 2014, seeks a declaratory judgment that Western World, as insurer for Precision and Sanchez, is not liable for the fire loss because the loss was caused by Sanchez and/or Precision because the Workers were employees of Precision and/or Sanchez; and its policy does not cover plumbing work for commercial or industrial clients. Western World also alleges that because Lilana Sanchez lied on her insurance application, the policy at issue should be declared void and rescinded.

Defendants Precision and State Farm Property and Casualty Insurance Company ("State Farm") ask the Court to rule that, as an additional insured on Sanchez's insurance policy with Plaintiff, Precision is entitled to coverage regardless of any alleged misrepresentations by Sanchez in applying for the insurance policy. The issue before the Court is not whether the insurance policy issued to Sanchez should be rescinded.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State*

---

[2] In another lawsuit in this Court, Travelers, as a subrogee of the Owners, has sued Sanchez, Precision, Tristar and the Workers for negligence allegedly causing the fire. *Travelers v. Sanchez, et al.*, Case No. 3-14-2262, before Magistrate Judge Bryant by consent.

*Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

ANALYSIS

In this action, Plaintiff contends, among other things,[3] that the subject insurance policy it issued to Defendant Sanchez (which includes Defendant Precision as an additional insured) is void and should be declared rescinded because of material misrepresentations made by Sanchez in the application for insurance. Plaintiff argues that Sanchez made multiple misrepresentations which

---

[3] Plaintiff also contends that the policy does not afford coverage for this incident because the Workers were not employees of Sanchez and the policy provides liability coverage only for a classification of work referred to as "plumbing - residential or domestic."

3

were material, that Plaintiff relied on those misrepresentations in issuing the policy, and that those alleged misrepresentations form the basis for rescission of the insurance contract. Defendants Precision and State Farm ask the Court through this Motion to rule that any alleged misrepresentations by Sanchez would not rescind the policy or coverage as to Precision.

The parties agree that Tennessee law applies to these contract questions and that, under Tennessee law, the Court must construe the contract of insurance in the same manner as any contract. Moreover, the language of the contract should be taken and understood in its plain, ordinary and popular sense and construed as a whole in a reasonable and logical matter. Contracts of insurance are construed in favor of the insured, and if the disputed provision is susceptible to more than one plausible meaning, the meaning favorable to the insured controls. *See Garrison v. Bickford*, 377 S.W.3d 659, 664 (Tenn. 2012).

The Court begins with the Tennessee statute concerning misrepresentations in applications for insurance, which states:

> No written or oral misrepresentation or warranty made in the negotiations of a contract or policy of insurance, or in the application for contract or policy of insurance, *by the insured or in the insured's behalf*, shall be deemed material or defeat or void the policy or prevent its attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

Tenn. Code Ann. § 56-7-103 (emphasis added).

The policy at issue here provides, in the Additional Insured Endorsement, that "[t]o the extent, if any, that this policy affords coverage to an 'additional insured,' the 'additional insured' is subject to all of the terms of the policy." Docket No. 1-1, p. 12.

The policy also states, in Section 7, called "Separation of Insureds:"

> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned *in this Coverage Part* to the first Named Insured, this insurance applies
>
> a. As if each Named Insured were the only Named Insured; and
>
> b. Separately to each insured against whom claim is made or "suit" is brought.

Docket 1-1, p. 41 (emphasis added).

Defendants argue that this case is similar to cases involving an "innocent co-insured," law which has developed through the courts. Those cases involve questions of coverage under an otherwise valid policy, not questions concerning rescission of the contract. *See, e.g., Allstate Ins. Co. v. Jordan*, 16 S.W.3d 777 (Tenn. Ct. App. 1999) (whether policy provided *coverage* to parents for loss resulting from child's intentional act); *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586 (Tenn. 1994) (whether policy provided *coverage* to spouse for loss resulting from other spouse's arson of home); *Tuturea v. Tenn. Farmers Mut. Ins. Co.,* 2010 WL 2593627 (Tenn. Ct. App. June 29, 2010) (same).

Rescission of an insurance contract is a statutory remedy, not common law. Plaintiff seeks rescission of this policy pursuant to Tenn. Code Ann. § 56-7-103, not pursuant to case law. Issues of coverage are different from the question of whether an insurance policy should be enforced in the first place. Plaintiff avers that the alleged misrepresentations effect the validity of the policy as a whole. The rescission statute does not have an exception for "innocent" additional insureds.

The Court finds that Defendant Precision's entitlement to coverage under the subject insurance policy is dependent upon the validity of that policy in the first place, which is an issue for determination between Plaintiff and Sanchez in this litigation. If Sanchez's alleged misrepresentations are ultimately found to have entitled Plaintiff to rescission of this policy, the policy is void, and there is no coverage for *anyone* under it.

## CONCLUSION

For all these reasons, Defendants' Motion for Summary Judgment (Docket No. 52) is DENIED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE